Filed 2/5/21  P. v. Duenas CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>　　v.<br><br>OSCAR ISRAEL DUENAS,<br><br>　　　Defendant and Appellant. | B293217, consolidated with B301654<br><br>Los Angeles County<br>Super. Ct. No. VA137741-01 |

　　　APPEAL from a judgment of the Superior Court of Los Angeles County, Roger Ito, Judge.  Affirmed.

　　　Maxine Weksler, under appointment by the Court of Appeal, for Defendant and Appellant.

　　　Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Michael R. Johnsen, Blythe J. Leszkay and Theresa A. Patterson, Deputy Attorneys General, for Plaintiff and Respondent.

—————————————

A jury convicted defendant and appellant Oscar Israel Duenas of assault with a deadly weapon on one victim and criminal threats against another.  The jury found gun, gang, and great bodily injury allegations true.  Duenas appealed.  In February 2018 we affirmed Duenas's conviction but remanded the case for resentencing.  (*People v. Duenas* (Feb. 21, 2018, B266480) [nonpub. opn.] (*Duenas I*).)  The trial court resentenced Duenas in October 2018 and he again appealed.  In that second appeal, the People conceded the trial court had erred in its resentencing by choosing as the principal count a count that had been dismissed.  At oral argument in November 2019, counsel advised us the trial court had again resentenced Duenas on October 7, 2019, while the case was on appeal, and Duenas had filed another notice of appeal on that same date.  Accordingly, we vacated the submission of the case and consolidated Duenas's second appeal (B293217) with his third appeal (B301654).  We now affirm Duenas's sentence.

## BACKGROUND

### 1.  *Duenas's crimes and the first sentence*

Our earlier opinion detailed the evidence presented at trial. We need not repeat it here.  In a nutshell, Duenas—a Florencia 13 gang member—terrorized his neighbor Carlos Galvan, Sr. (Carlos Sr.), and his son Carlos Galvan, Jr. (Carlos Jr.).  In the late afternoon of Thanksgiving Day 2014, Duenas hit Carlos Jr. in the face with a metal baseball bat, briefly knocking him out, then returned minutes later with a submachine gun and fellow gang member Leandro Toro in tow.  Duenas pointed the gun at Carlos Sr. and said, " 'I'm going to kill you son of a bitch.' " Duenas told Carlos Sr., " 'I'm going to kill all of you.  That's on the hood.' "  After Duenas's attacks, the Galvan family moved. Carlos Jr. said he was " 'scared' " that Duenas and Toro would kill him, "because 'they are gang members.' "  (*Duenas I*.)

The jury convicted Duenas of assault with a deadly weapon on Carlos Jr. (count 1), criminal threats against Carlos Sr. (count 2), and assault with a machine gun on Carlos Sr. (count 4). The jury found true allegations that Duenas had personally inflicted great bodily injury on Carlos Jr. and that he had personally used a firearm in the criminal threats against Carlos Sr. The jury also found Duenas had committed the criminal threats offense for the benefit of his gang. (*Duenas I*.)

Duenas moved for a new trial on count 4, the machine gun charge, arguing the trial court should have instructed the jury on the lesser included offense of assault with a firearm. The court granted the motion, the prosecutor declined to retry that count, and the court dismissed it under Penal Code section 1385.[1] (*Duenas I*.)

In a court trial, the court found Duenas had suffered a prior strike—robbery—that also qualified as a serious felony prior. The court sentenced Duenas to 31 years in the state prison. The court chose count 2—criminal threats—as the principal count, imposing the high term of three years, doubled because of the strike. The court imposed 10 years under section 12022.5, subdivision (a), for the personal use of a firearm, and a consecutive 10 years for the gang enhancement. On count 1—assault with a deadly weapon—the court imposed a consecutive term of one-third the midterm, or one year, doubled because of the strike, plus a consecutive three-year term for the great bodily injury enhancement under section 12022.7, subdivision (a). (*Duenas I*.)

---

[1] Statutory references are to the Penal Code.

## 2. *The first appeal and the first resentencing*

On appeal, we affirmed Duenas's conviction. But we vacated his sentence because of several sentencing errors that he identified and that the People conceded. We noted:

- On count 2, the court could not impose both the firearm enhancement and the 10-year gang enhancement for a violent crime, because criminal threats is a violent—rather than serious—crime only when a firearm is used. Thus the imposition of both 10-year sentences constitutes impermissible double counting of the firearm use. We agreed with the People that the proper sentence for the gang enhancement is five years under section 186.22, subdivision (b)(1)(B), as criminal threats (without a firearm) is a serious felony.

- On count 1, the court should have imposed one-third the midterm (one year)—rather than the full term of three years—for the great bodily injury enhancement.

- The court should have imposed the then-mandatory five-year prior serious felony enhancement under section 667, subdivision (a).

(*Duenas I.*)

On October 10, 2018, the trial court conducted the first of two resentencing hearings. By then, Senate Bill No. 620—granting trial courts discretion to strike firearm enhancements—had taken effect. Defense counsel asked the court to strike the firearm enhancement as well as the gang enhancement and Duenas's five-year prior (referring to Senate Bill No. 1393 as "recently passed legislation").[2]

---

[2] The amendments to sections 667 and 1385 under Senate Bill No. 1393 permitting a court to strike a prior serious felony

The court stated it had read and considered letters Duenas had submitted. The court also permitted Duenas to address the court. Duenas told the court he had enrolled in a program addressing "violence to gang awareness" [*sic*] and received a certificate in computer literacy. Duenas said he had "been clean," "out of trouble," and "productive." Duenas stated he had gone "from 75 points to 57 points." Duenas said, "I'm not part of no gangs no more." "I'm ex . . . [a] non-validated member."

The prosecutor argued the court should deny Duenas's motions to strike his gun enhancement and serious felony prior. The prosecutor reminded the court the People had asked for a sentence of 44 years[3] and the court had sentenced Duenas to 31 years. The prosecutor said, "[T]he defendant armed himself with a bat and assaulted two unarmed victims in this case and he used his allegiance with Florencia 13 to instill fear [in] those victims, and then he went and retrieved a machine gun and pointed it at Carlos Galvan, Senior, and he threatened to kill his entire family."

The court declined to strike Duenas's five-year prior. (The court did not discuss the amendment's effective date, or suggest it was declining to strike the prior solely because the request was premature.) In resentencing Duenas, the court chose count 4—assault with a machine gun—as the principal count. Plainly, the court did not recall—nor did counsel remind the court—that count 4 had been dismissed. The court imposed the upper term of 12 years, doubled because of the strike prior, plus five years for

enhancement became effective on January 1, 2019. (*People v. Brooks* (2020) 53 Cal.App.5th 919, 923.)

[3] The record does not reflect how the prosecutor calculated this 44-year requested sentence.

5

the serious felony prior, for a total of 29 years in the state prison. The court imposed the low term of two years on count 1 and the low term of 16 months on count 2, concurrent with count 4. The court struck the gang, firearm, and great bodily injury enhancements.

### 3. *The second and third appeals*

Duenas again appealed.  In briefing, the Attorney General agreed the sentence on a count that had been dismissed was error and we should remand the case for resentencing.  Counsel appeared for oral argument on November 21, 2019.  Counsel informed us they recently had learned the trial court had again resentenced Duenas on October 7, 2019, and Duenas had filed another notice of appeal.  Accordingly, we vacated the submission of Duenas's second appeal (B293217) and consolidated the two appeals for oral argument and decision.

### 4. *The second resentencing*

On October 7, 2019, the trial court resentenced Duenas again.  The court explained to Duenas that it was resentencing him because of the previous unauthorized sentence on a dismissed count.  Defense counsel told the court he wanted "to incorporate by reference the appellate brief the court received," apparently referring to the brief appellate counsel had filed in B293217.[4]  Counsel said Duenas had completed the "alternative

---

[4]     Defense counsel asked the court to choose count 1 as the principal term and impose a sentence of 20 years and eight months, as proposed by appellate counsel.  Trial and appellate counsel fail to recognize that section 1170.1, subdivision (a) requires the court to choose as the principal term the longest term imposed, including any count-specific conduct enhancements.  (See Couzens et al., Sentencing California Crimes (The Rutter Group 2020) § 13:19 ["The selection of the principal term may require the court to do a calculation of the

6

violence program," almost had his high school diploma, and had "been discipline clean." The court replied it believed it had jurisdiction to "fix a sentencing error that in essence has to be fixed because it's an illegal sentence," but "not to consider [that] post[-]conviction behavior."

The court selected the upper term of three years on count 2 —the criminal threats count—citing as aggravating factors Duenas's poor prior performance on probation and prior criminal history. The court doubled the three years because of Duenas's strike prior. The court imposed five years for the gang enhancement under section 186.22, subdivision (b)(1)(B) and the high term of ten years on the firearm enhancement under section 12022.5, subdivision (a). In choosing the high term, the court cited as aggravating factors Duenas's poor performance on probation, his prior acts of violence, and his "increasing level of sophistication and/or level of violence." To that total of 21 years the court added the five-year serious felony prior for a total sentence of 26 years.

On count 1, the court imposed the low term of two years, to be served concurrently with count 2, striking Duenas's strike prior for that count only as well as the great bodily injury enhancement.

## DISCUSSION

Duenas contends the trial court abused its discretion by (1) "imposing aggravated terms and enhancements based on insufficient evidence and/or impermissible or duplicate sentencing factors," (2) declining to strike his gang, firearm, and serious felony prior enhancements, and (3) "not considering any

term for each count being sentenced, then selecting the longest term as the principal term. If the counts all have the same term, any count may be used."].)

. . . post-conviction mitigating circumstances." Duenas says his sentence is "excessive and disproportionate," and it "will cause him to suffer far in excess of any suffering he caused his victims."

We find no abuse of discretion in the court's selection of upper terms on the criminal threats count and the firearm enhancement, nor in its imposition of the gang, firearm, and prior serious felony enhancements. To the extent the trial court was mistaken about its authority to consider Duenas's behavior in prison between October 2018 and October 2019, we conclude any error was harmless. Finally, we do not share Duenas's view that the crimes he committed against his victims—in his words— "pale in comparison to [his] having to live 29 [*sic*] years under the hellish conditions in our prisons."

1.  ***The trial court did not abuse its discretion in choosing the upper terms***

As we noted in *Duenas I*,

> "[w]hen a statute specifies three possible terms, the choice of the appropriate sentence rests within the trial court's broad discretion. (*People v. Jones* (2009) 178 Cal.App.4th 853, 862; *People v. Moberly* (2009) 176 Cal.App.4th 1191, 1196; § 1170, subd. (b).) The court may consider aggravating and mitigating circumstances, 'and any other factor reasonably related to the sentencing decision' (Cal. Rules of Court, rule 4.420(b)), and may rely on the record in the case, the probation report, statements in mitigation or aggravation, and any further evidence introduced at the sentencing hearing. (*People v. Towne* (2008) 44 Cal.4th 63, 85; *People v. Shenouda* (2015) 240 Cal.App.4th 358, 368.) We review the trial

8

court's sentencing decisions for abuse of discretion, which will be found only when its decision is irrational or arbitrary, or when it relied on circumstances that were irrelevant or otherwise constituted an improper basis for the decision. (*People v. Sandoval* (2007) 41 Cal.4th 825, 847; *People v. Carmony* (2004) 33 Cal.4th 367, 396.) The burden is on the party attacking the sentence to clearly show the sentencing decision was irrational or arbitrary. (*Carmony*, at p. 376; *Jones*, at p. 861.)"

In choosing the upper term on the criminal threats count, the trial court listed Duenas's poor performance on probation and his "prior criminal history, which includes other prior acts of violence," as aggravating factors. In choosing the high term on the firearm enhancement, the court listed Duenas's poor performance on probation and his "increasing level of sophistication and/or level of violence, prior incidents of violence."

As we explained in *Duenas I*, "[t]he existence of a single aggravating circumstance is legally sufficient to make the defendant eligible for the upper term." Moreover, "the 'dual use of a fact or facts to aggravate both a base term and the sentence on an enhancement is not prohibited.' " (*Duenas I*, quoting *People v. Moberly* (2009) 176 Cal.App.4th 1191, 1198 and citing *People v. Black* (2007) 41 Cal.4th 799, 813.) Accordingly, here the court could have relied on a single factor—for example, Duenas's poor performance on probation—to support the high term of three years on count 2 as well as the high term on the

9

gun enhancement. But, as we noted in *Duenas I*, the court cited two proper factors in any event.[5]

Despite our conclusions in *Duenas I*, Duenas continues to argue the aggravating factors the trial court cited are "duplicative or unsupported by the record." We repeat what we said in our earlier opinion:

> "First, the court could rely on the circumstance of Duenas's criminal history as an aggravating factor. Imposition of an upper term sentence is permissible under *Cunningham* [*v. California* (2007) 549 U.S. 270] when based upon the aggravating circumstance of the defendant's criminal history, including the fact that his convictions are numerous or of increasing seriousness. [Citations.] Duenas's probation report lists sustained juvenile petitions for assault, receiving stolen property, and narcotics possession. His adult history includes convictions for possession of marijuana for sale, narcotics and marijuana possession, driving without a license, and, in 2009, second degree robbery. Thus, the trial court did not err or run afoul of *Cunningham* by relying on Duenas's criminal history as an aggravating factor. [¶] Likewise, Duenas's performance on probation

---

[5] In *Duenas I* there was a third sentencing choice that required an aggravating factor: the choice to run Duenas's sentence on count 1 consecutive to his sentence on count 2. In the second resentencing, the court chose to run Duenas's sentences on counts 1 and 2 concurrently, so there no longer is an issue about a second or third aggravating factor.

10

supported the trial court's sentencing choices. Duenas's probation report indicates he was on probation at the time of the instant offenses. . . . The trial court therefore could properly rely on the fact Duenas was on probation when he committed the current offenses as an aggravating factor." (*Duenas I*, fns. omitted.)[6]

2. ***The trial court did not abuse its discretion in declining to strike the gang, firearm, and prior serious felony enhancements***

Duenas contends the trial court's exercise of its discretion "not to strike but rather to impose the gang, firearm, and prior

---

[6] As the trial court cited two valid aggravating factors, we need not address Duenas's other complaints about the court's choice of the upper terms, which in any event miss the mark. Duenas argues the court could not use a "victim vulnerability" factor, but in the second resentencing the court never mentioned the vulnerability of Carlos Sr. Duenas also misreads the court's reference to "violence"—and claims it constitutes impermissible double counting—when the court cited Duenas's "increasing level of sophistication and/or level of violence, prior incidents of violence." California Rule of Court, rule 4.421, subdivision (b)(2) specifically authorizes the court to consider that "[t]he defendant's prior convictions as an adult or sustained petitions in juvenile delinquency proceedings are numerous or of increasing seriousness." (Cal. Rules of Court, rule 4.421(b)(2).) Multiple misdemeanor convictions may be considered a factor in aggravation. (*People v. Stuart* (2008) 159 Cal.App.4th 312, 314.) Duenas's probation report reveals that he began committing crimes at age 13 and progressed from misdemeanor assault and vehicle theft, through narcotics offenses, to robbery.

11

serious felony enhancements . . . was arbitrary and unjustified." That contention is meritless.

At the first resentencing in October 2018, defense counsel asked the court to strike the gang, firearm, and prior serious felony enhancements. The court struck the gang and firearm enhancements,[7] but only because it seemed to be trying to get to a total sentence that in its view fit the crimes, while not exceeding the original sentence of 31 years. The court sentenced Duenas to 24 years (the upper term of 12 years on the previously-dismissed count, doubled) plus five years for the serious felony prior, for a total sentence of 29 years. The court stated, "My intention is not to increase the sentence. However, I think that . . . generally the sentence that he received was in the ballpark of what I intended based on his conduct." At the second resentencing in October 2019, the trial court imposed the gang, firearm, and prior serious felony enhancements.

The court did not abuse its broad discretion in concluding that striking the gang enhancement would not be in the interests of justice within the meaning of section 1385. As we detailed in *Duenas I*, after hitting Carlos Jr. in the mouth and nose with a baseball bat, Duenas left. He returned "[m]inutes later," "armed with a [TEC-9] submachine gun in his waistband" and accompanied by his fellow Florencia 13 gang member Leandro Toro. Toro was shirtless; Duenas was either shirtless or wearing a " 'muscle' " shirt. Both men displayed a number of tattoos that "appeared to be gang-related." Duenas pointed his gun at Carlos Sr. and told him, " 'I'm going to kill you son of a bitch,' "

---

[7]     As noted, the court declined to strike the prior serious felony enhancement, apparently based on the merits and not on the fact that the amendments to section 667, subdivision (a) would not take effect for another ten weeks or so.

12

adding, " 'I'm going to kill all of you.  That's on the hood.' "
The prosecution's gang expert testified Duenas had admitted
his Florencia 13 membership on six or seven occasions, and
he sported a number of gang tattoos.  (*Duenas I.*)

Nor did the court abuse its discretion in declining to strike
the firearm enhancement and the five-year prior.  Effective
January 1, 2018, the Legislature amended section 12022.5,
subdivision (c) to give a trial court authority to strike a section
12022.5 firearm enhancement in the interest of justice.  (Sen.
Bill No. 620 (2017-2018 Reg. Sess.) § 1.)  As noted, effective
January 1, 2019, Senate Bill No. 1393 (2017-2018 Reg. Sess.)
amended sections 667 and 1385 to give courts discretion to strike
or dismiss prior serious felony enhancements in the furtherance
of justice.  (*People v. Stamps* (2020) 9 Cal.5th 685, 693.)

Striking the firearm enhancement or five-year prior would
not serve the interest of justice in Duenas's case.  Duenas's
criminal history began in 1992 when he was barely 13 years old
and continued for the next 22 years.  He was 35 years old when
he committed the crimes in this case—old enough to know better,
and old enough to leave the gang life behind.  Not having a gun
with him when he attacked Carlos Jr., he left, got a TEC-9
submachine gun, returned, pointed the gun at Carlos Sr., and
said, " 'I'm going to kill all of you.' "  (*Duenas I.*)  The terrified
victims moved away after Duenas's attack.

"A trial court 'may keep in mind the length of a sentence
it thinks appropriate for a defendant and rule accordingly.'
(*People v. Kelly* (1999) 72 Cal.App.4th 842, 847.)  'A judge's
subjective determination of the value of a case and the
appropriate aggregate sentence, based on the judge's experience
with prior cases and the record in the defendant's case, cannot
be ignored.' "  (*People v. Brooks*, *supra*, 53 Cal.App.5th at pp. 927-

928 [finding no abuse of discretion in trial court's denial of motion to strike prior serious felony enhancement].)

In sum, Duenas has not carried his burden of demonstrating that the trial court's decision was " 'so irrational or arbitrary that no reasonable person could agree with it.' " (*People v. Pearson* (2019) 38 Cal.App.5th 112, 116, quoting *People v. Carmony, supra,* 33 Cal.4th at pp. 376-377.)

3.    ***Any error arising from the trial court's mistaken belief that it could not consider Duenas's conduct in prison between October 2018 and October 2019 was harmless***

As we noted, at the first resentencing in 2018, the court permitted Duenas to address the court to relate his activities since his commitment to state prison about three years earlier. At the second resentencing a year later, defense counsel told the court Duenas had completed the anti-violence program, achieved computer literacy, and remained "discipline clean"; counsel said Duenas also told him he "almost ha[d] his high school diploma." The court responded, "I believe . . . I have jurisdiction to resentence him now . . . to fix a sentencing error that in essence has to be fixed because it's an illegal sentence." But the court did not believe it had jurisdiction "to consider those post[-]conviction behavior[s]" or "to be hearing arguments as to his performance."

The parties agree the court was mistaken about its authority. In correcting a sentencing error, the court may restructure the entire sentencing format. (*People v. Stevens* (1988) 205 Cal.App.3d 1452, 1457-1458.) The Attorney General contends, however, that the trial court's error about the scope of its authority was harmless and a remand for a fourth sentencing would serve no purpose. We agree.

14

At the October 2018 resentencing, the court heard directly from Duenas about his activities since going to prison in 2015. Nevertheless, the court imposed a sentence of 29 years, noting that it was "in the ballpark of what [the court] intended based on [Duenas's] conduct" when it originally imposed a 31-year sentence. In the October 2019 resentencing, the court reduced Duenas's sentence further, striking his robbery prior strike as well as the great bodily injury enhancement on count 1 and running that sentence concurrent with his sentence on count 2. That sentencing choice reduced Duenas's sentence by another three years.

Duenas's assertion that his completion of the anti-violence and computer programs, and work toward a school diploma, constituted such compelling "mitigation" that the court would have reduced his sentence further is entirely speculative. That speculation is especially unwarranted in light of the callousness of Duenas's crimes.[8] We have considered the entire record and see no reasonable probability of a different outcome in the absence of the error. (*People v. Watson* (1956) 46 Cal.2d 818, 836.)[9]

---

[8] Nothing in the record supports Duenas's assertion that he has "tak[en] responsibility for his actions."

[9] Neither party has cited *People v. Yanaga* (2020) 58 Cal.App.5th 619, decided after briefing was complete. That case is distinguishable. There, the appellate court remanded the matter for the trial court to consider striking a firearm enhancement. The original sentencing judge had retired and another judge handled the resentencing. Yanaga asked the court to consider his accomplishments in the four years since he was first sentenced. The judge mistakenly believed she was prohibited from considering Yanaga's post-sentencing conduct; she thought she was limited to determining how the original

## DISPOSITION

We affirm Oscar Israel Duenas's sentence.

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

EGERTON, J.

We concur:

EDMON, P. J.

DHANIDINA, J.

---

sentencing judge would have exercised his discretion at the time, four years earlier. (*Yanaga*, at pp. 621-625.) Here, by contrast, the same judge who tried the case handled all three sentencings. The court did consider Duenas's post-sentencing conduct but ultimately made clear it viewed a sentence of between 26 and 31 years as the appropriate sentence. Unlike the *Yanaga* court, here we " 'can[ ] say with confidence' that the resentencing judge would have declined to strike the enhancement had [he] realized that [he] could consider" Duenas's prison conduct between October 2018 and October 2019. (*Id.*, at p. 628.)

16