Filed 10/7/20  P. v. Romero CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>   Plaintiff and Respondent,<br><br>v.<br><br>ANTHONY CRUZ ROMERO,<br><br>   Defendant and Appellant. | 2d Crim. No. B299959<br>(Super. Ct. No. 2019006103)<br>(Ventura County) |

Anthony Cruz Romero appeals from the judgment after a jury convicted him of grand theft of a firearm (Pen. Code,[1] § 487, subd. (d)(2)).  The trial court sentenced him to the upper term of three years in state prison.  Romero contends the court erred when it selected the upper term.  We affirm.

FACTUAL AND PROCEDURAL HISTORY

Romero went into a gun store.  An employee was showing another customer a handgun.  The customer left without purchasing the gun, which remained on the counter.

---

[1] Further statutory references are to the Penal Code.

Romero asked the employee about antique rifles. When the employee went to a storage room to retrieve a rifle, Romero put the handgun on the counter in his pocket. He left without paying for it after the employee returned from the storage room.

The employee later discovered the missing handgun. He and the store owner reviewed surveillance video and discovered that Romero had taken it. They reported the theft to the police.

Two days later, a police officer saw Romero wearing clothes similar to those worn by the suspect in the surveillance video. Based on his previous contact with Romero, the officer suspected that the handgun might be in Romero's car. He and a detective canvassed the area for the car. They found it, searched it, and discovered the stolen gun inside.

A jury convicted Romero of grand theft of a firearm. The probation department recommended that the trial court place him on three years of formal probation, noting that he had successfully completed probation in the past. The court rejected the recommendation. The court stated that Romero's criminal history was significant, and he posed a danger to society based on his prior convictions. Also, he committed his crime while on probation, and did so in a manner that was "preplanned and done with sophistication." The court imposed the upper term of three years in state prison.

## DISCUSSION

Romero contends the trial court erred when it sentenced him to the upper term of three years in state prison. We disagree.

A trial court has significant discretion when selecting among the lower, middle, or upper terms of imprisonment. (*People v. Sandoval* (2007) 41 Cal.4th 825, 847; see § 1170, subd. (b).)  In making that selection, the court "may consider circumstances in aggravation or mitigation, and any other factor reasonably related to the sentencing decision."  (Cal. Rules of Court, rule 4.420(b).)  We will uphold the court's selection so long as it exercised its discretion "in a manner that is not arbitrary and capricious, that is consistent with the letter and spirit of the law, and that is based upon an 'individualized consideration of the offense, the offender, and the public interest.' [Citation.]" (*Sandoval*, at p. 847.)

There was no abuse of discretion here.  Under California law, "the existence of a single aggravating circumstance is legally sufficient to make the defendant eligible for the upper term."  (*People v. Black* (2007) 41 Cal.4th 799, 813.)  The trial court here found four such circumstances:  that Romero committed his crime in a manner that "indicate[d] planning, sophistication, or professionalism" (Cal. Rules of Court, rule 4.421(a)(8)); that his "prior convictions as an adult or sustained petitions in juvenile delinquency proceedings [were] numerous" (*id*., rule 4.421(b)(2)); that he was on probation when he committed his crime (*id*., rule 4.421(b)(4)); and that he posed a danger to society based on his prior convictions (*id*., rule 4.421(c)).  No more was required.  (*Black*, at p. 813.)

Romero counters that the trial court erroneously relied on his "planning" and "sophistication" when committing his crime because that fact was not determined by a jury, as required by the Sixth Amendment.  (See *People v. Cardenas* (2007) 155 Cal.App.4th 1468, 1479-1483.)  But our Supreme Court has

3

explained "that 'the imposition of the upper term does not infringe [on a] defendant's constitutional right to jury trial so long as one legally sufficient aggravating circumstance has been found to exist by the jury, has been admitted by the defendant, or *is justified based [on] the defendant's record of prior convictions*.' [Citation.]" (*People v. Chism* (2014) 58 Cal.4th 1266, 1335, italics added.) The latter exception "'includes not only the fact that a prior conviction occurred, but also other related issues that may be determined by examining the records of the prior convictions.' [Citation.]" (*Ibid.*, alterations omitted.) "For example, [a] trial court's finding that the defendant's prior convictions were "'numerous or of increasing seriousness'" falls within this exception for a defendant's recidivism." (*Ibid*.) So does a finding that the defendant committed their crime while on probation or parole. (*Id*. at p. 1336.)

Here, the court cited Romero's four sustained juvenile petitions and four misdemeanor convictions when selecting the upper term. Eight prior convictions is "plainly 'numerous.'" (*People v. Stuart* (2008) 159 Cal.App.4th 312, 314.) And Romero does not contest that he was on probation when he committed his theft. Selection of the upper term therefore did not run afoul of the Sixth Amendment, notwithstanding the court's citation of additional factors when selecting his sentence. (*People v. Scott* (2015) 61 Cal.4th 363, 405.)

Romero also argues the trial court erroneously used an element of his crime—the presence of a handgun—when it selected the upper term. (See Cal. Rules of Court, 4.420(d) ["A fact that is an element of the crime on which punishment is being imposed may not be used to impose a particular term"].) But as set forth above, this argument is misplaced given the court's

4

findings related to Romero's prior convictions. Moreover, the sentencing transcript nowhere indicates that the court below considered the presence of a handgun when selecting the upper term. And even if it did, Romero did not object to the court's use of that fact. He has thus forfeited this argument on appeal. (*People v. Scott* (1994) 9 Cal.4th 331, 353.)

DISPOSITION

The judgment is affirmed.

<u>NOT TO BE PUBLISHED.</u>


TANGEMAN, J.

We concur:


GILBERT, P. J.


PERREN, J.

David R. Worley, Judge

Superior Court County of Ventura

_____

Todd W. Howeth, Public Defender, Thomas M. Hartnett, Deputy Public Defender, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Steven D. Matthews and J. Michael Lehmann, Deputy Attorneys General, for Plaintiff and Respondent.