Filed 6/2/22  P. v. Lynch CA3

## NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>DEANDRE LYNCH,<br><br>Defendant and Appellant. | C094174<br><br>(Super. Ct. No. 20FE009532)<br><br>ORDER MODIFYING OPINION<br><br>[NO CHANGE IN JUDGMENT] |

THE COURT:

It is ordered that the opinion filed herein on May 27, 2022, be modified as follows:

In the first full paragraph on page six that begins "The trial court instructed," delete the last sentence that begins "Because this aggravating circumstance" and replace it with the following sentence:

1

Because this aggravating circumstance was based on underlying facts found by the jury beyond a reasonable doubt, as permitted by the amended section 1170, subdivision (b)(2), the trial court did not err in weighing defendant's weapon use as an aggravating circumstance when selecting an upper-term sentence.

This modification does not change the judgment.

BY THE COURT:

<u>      BLEASE      </u> , Acting P. J.

<u>      KRAUSE      </u> , J.

Filed 5/27/22  P. v. Lynch CA3 (unmodified opinion)

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>DEANDRE LYNCH,<br><br>        Defendant and Appellant. | C094174<br><br>(Super. Ct. No. 20FE009532) |

A jury found defendant Deandre Lynch guilty of three counts of domestic violence and one count of simple assault.  The trial court imposed an upper term sentence on the principal domestic violence count.  Defendant contends that Senate Bill No. 567 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 731) (Senate Bill 567), which took effect while his appeal was pending, applies retroactively to his case and requires reversal of his sentence and remand for resentencing.  The People agree Senate Bill 567 applies retroactively but argue the trial court sufficiently complied with the new law in selecting an upper term

1

sentence and any error was harmless. We agree with the parties that Senate Bill 567 applies retroactively. We further conclude that the trial court's consideration of aggravating circumstances that are inconsistent with the new statutory standard was harmless error.

We also find that the trial court erred by imposing a one-year sentence for simple assault, a crime with a maximum sentence of six months imprisonment. Neither party has raised this issue, but we can and will correct this unauthorized sentence on appeal.

Accordingly, we will modify the sentence for simple assault and affirm the judgment as modified.

## BACKGROUND

The People charged defendant with two counts of assault with a deadly weapon (Pen. Code, § 245, subd. (a)(1)—counts one & two)[1] and three counts of inflicting injuries resulting in traumatic conditions on a dating partner (§ 273.5, subd. (a)—counts three-five). As to each domestic violence count, the information also alleged that defendant had previously been convicted of domestic violence, which, if found true, increases the sentencing triad for a domestic violence conviction to two, four, or five years. (§ 273.5, subd. (f)(1).) The information also alleged that defendant had previously been convicted of a serious felony, assault with a firearm, which constitutes a strike under California's Three Strikes law. Defendant waived his right to a jury trial on these two prior convictions.

To ensure unanimous verdicts, the trial court instructed the jury on the specific date and manner of each domestic violence incident: for count three, the use of a wooden table on or about May 24, 2020; for count four, the use of a metal-handled broom on or about May 21, 2020; and for count five, the use of an extension cord on or about May 17,

---

[1] Undesignated statutory references are to the Penal Code.

2

2020. This instruction explained: "Evidence that the defendant may have committed the alleged offense on another day or in another manner is not sufficient for you to find him guilty of the offense charged." Defense counsel did not object to this unanimity instruction.

The jury found defendant guilty of all three counts of domestic violence. On count two, the jury found defendant not guilty of assault with a deadly weapon for the May 24, 2020 incident, but found defendant guilty of the lesser included offense of simple assault (§ 240). Count one resulted in a mistrial and is not at issue in this appeal.

In bifurcated proceedings, the trial court reviewed certified records of defendant's prior domestic violence conviction and prior strike conviction and found both the alleged prior convictions true beyond a reasonable doubt. In addition, the prosecution submitted certified records for two felony convictions from 2011 for possession of a controlled substance for sale and failure to appear on a felony charge, and two misdemeanor convictions from 2018 for resisting an executive officer. The certified records and the probation report showed that defendant had served multiple prior prison terms, had absconded three times while on parole following the most recent prison term, and had committed the present offenses while on parole.

At the sentencing hearing, the trial court explained eight aggravating circumstances it considered in deciding whether to select an upper term sentence for the principal count: (1) defendant's crimes involved a high degree of cruelty, viciousness, and callousness because defendant had struck the victim with a table leg, an extension cord, and a broomstick; (2) based on those same facts, defendant was armed or used a weapon at the time of the commission of the crimes; (3) defendant's conduct and prior record indicated a serious danger to society; (4) defendant's prior convictions were numerous; (5) defendant had served prior prison terms; (6) defendant had just been released from prison and was on parole at the time he committed the crimes; (7) defendant's prior performance on parole was unsatisfactory; and (8) the victim was

3

particularly vulnerable. Defense counsel argued extensively that defendant's actions did not rise to the level of a "high degree of cruelty, viciousness, or callousness"; that the victim was not particularly vulnerable; and that defendant was not a "serious danger to society," but defendant did not object to any of the information about his criminal history in the certified records or the probation report.

The trial court did not find any circumstances in mitigation. Considering these factors, and emphasizing that defendant was on parole when the crimes were committed and had numerous prior convictions, the trial court sentenced defendant to an aggregate term of 15 years 4 months in prison, consisting of the upper term of five years on count three, doubled because of defendant's prior strike conviction, and consecutive terms of one year four months (one-third of the middle term) on both count four and count five, each doubled due to the strike. On count two, the trial court sentenced defendant to one year in county jail, stayed pursuant to section 654. Defendant timely appealed.

Approximately two months after the sentencing hearing, the Legislature enacted Senate Bill 567, which took effect on January 1, 2022. Among other things, the bill amended section 1170, subdivision (b) to prohibit trial courts from considering aggravating circumstances when selecting an upper-term sentence unless the facts underlying each aggravating factor have been established by one of three prescribed methods. (See Stats. 2021, ch. 731, § 1.3.)

DISCUSSION

I

*Defendant's Upper Term Sentence*

Defendant contends Senate Bill 567 applies retroactively to require reversal of his sentence and remand for resentencing because the jury did not find any facts to support the aggravating circumstances the trial court relied on when it selected an upper term sentence on count three and the defendant did not stipulate to a sufficient number of prior convictions to constitute an aggravating circumstance. The People argue we should

4

affirm defendant's sentence because the trial court relied on defendant's criminal history in imposing the upper term, which the new law permits, and because any errors were harmless. We conclude that the trial court did not err in finding two aggravating circumstances to support an upper term sentence, and that its consideration of six aggravating circumstances that did not meet the requirements of the amended statute was harmless error.

A.       *Retroactive application of Senate Bill 567*

Senate Bill 567 amended section 1170, subdivision (b) so that, among other things, aggravating circumstances now only justify the imposition of an upper term sentence if "the facts underlying those circumstances have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial." (§ 1170, subd. (b)(2), as amended by Stats. 2021, ch. 731, § 1.3.) The amended statute also adds a third acceptable method of factfinding, permitting courts to "consider the defendant's prior convictions in determining sentencing based on a certified record of conviction without submitting the prior convictions to a jury." (§ 1170, subd. (b)(3).)

The People correctly concede that the amended version of section 1170, subdivision (b) applies retroactively in this case as an ameliorative change in the law applicable to all nonfinal convictions on appeal. (See *In re Estrada* (1965) 63 Cal.2d 740, 745; *People v. Conley* (2016) 63 Cal.4th 646, 657 ["in the absence of contrary indications, a legislative body ordinarily intends for ameliorative changes to the criminal law to extend as broadly as possible"]; *People v. Flores* (2022) 73 Cal.App.5th 1032, 1039 [holding Senate Bill 567 applies retroactively to nonfinal convictions on appeal].)

B.       *Underlying facts found true by the jury beyond a reasonable doubt*

The trial court selected the upper term sentence in part because defendant "was armed or used a weapon at the time of the commission of the crime." (Cal. Rules of

5

Court, rule 4.421(a)(2).)[2] Defendant contends that the jury did not find any facts beyond a reasonable doubt to support this factor. We disagree.

The trial court instructed the jury that it could only find defendant guilty of each domestic violence count if it found that he caused the victim's injuries with specific weapons: a wooden table for count three, a metal-handled broom for count four, and an extension cord for count five. We presume the jury heard and followed the unanimity instruction and found beyond a reasonable doubt that defendant committed each domestic violence count using the specified weapon. (See *People v. Rojas* (2015) 237 Cal.App.4th 1298, 1305-1306.) Because this aggravating circumstance was based on underlying facts found by the jury beyond a reasonable doubt, as permitted by the amended section 1170, subdivision (b)(2), the trial court did not err in weighing defendant's weapon use as a fifth aggravating circumstance when selecting an upper-term sentence.

C.     *Prior convictions*

The trial court found four aggravating circumstances based on defendant's criminal history: (1) numerosity of defendant's prior convictions (rule 4.421(b)(2)); (2) defendant had served prior prison terms (rule 4.421(b)(3)); (3) defendant had just been released from prison and was on parole at the time he committed the crimes (rule 4.421(b)(4)); and (4) defendant's prior performance on parole was unsatisfactory (rule 4.421(b)(5)).

The People contend that these four aggravating circumstances were properly established and may be considered under the amended law because the trial court relied upon defendant's stipulation and certified records of defendant's prior convictions, as permitted by section 1170, subdivision (b)(3). Initially, we disagree that section 1170, subdivision (b)(3) allows the trial court to find any underlying facts other than the prior

---

[2]     Undesignated rule references are to the California Rules of Court.

6

convictions themselves.  Subdivision (b)(3) specifies repeatedly that the only exception created is for prior convictions:  "the court may consider the defendant's prior convictions in determining sentencing based on a certified record of conviction without submitting the prior convictions to a jury."  (§ 1170, subd. (b)(3).)  The statute clearly does not codify the much broader exception described in *People v. Towne* (2008) 44 Cal.4th 63, 79-84, which allows judicial consideration of facts related to a defendant's recidivism without violating the Sixth Amendment.  (See also *People v. Gallardo* (2017) 4 Cal.5th 120, 124-125 [disapproving Sixth Amendment precedent and limiting judicial factfinding about the facts underlying a defendant's prior conviction].)  This means that only one of the four aggravating circumstances rooted in defendant's criminal history— that defendant's prior convictions are numerous—satisfies the requirements of Senate Bill 567.  We address the other three in our harmless error analysis below.

Defendant did not address the application of section 1170, subdivision (b)(3) in his opening brief, but in his reply brief concedes that the new law allows the trial court to consider his prior convictions based on certified records, even if the convictions have not been found true beyond a reasonable doubt.  Despite acknowledging this permissible use of his prior convictions, defendant contends that the prior convictions established by the certified records were not "numerous."  We disagree both with defendant's arithmetic and with his conclusion.

Rule 4.421(b)(2) specifies that an aggravating circumstance exists when a defendant's prior convictions are "numerous," which can be as few as three prior convictions, including misdemeanors.  (*People v. Black* (2007) 41 Cal.4th 799, 818 (*Black*); *People v. Searle* (1989) 213 Cal.App.3d 1091, 1098 [three prior driving while intoxicated convictions are " 'numerous' "]; see *People v. Stuart* (2008) 159 Cal.App.4th 312, 314 [six prior misdemeanors, though not mentioned by the trial court, were " 'numerous' " and sufficient to affirm the sentence].)  A trial court can properly decide whether prior convictions are numerous as long as the underlying facts of the prior

convictions are found in a permissible manner.  (§ 1170, subd. (b)(3); see *Black, supra*, at pp. 819-820.)

Defendant inaccurately counts only *three* prior convictions by combining two 2011 convictions and ignoring the misdemeanors.  In fact, the trial court reviewed certified records of four of defendant's prior felony convictions and two prior misdemeanor convictions, then determined that defendant's prior convictions were numerous.

Defendant further contends the 2016 domestic violence conviction was already used to enhance his sentence under section 273.5, subdivision (f)(1), so the trial court should not have counted that conviction when deciding whether defendant's prior convictions are numerous.  (See § 1170, subd. (b)(5); rule 4.420.)  Even accepting defendant's argument that the trial court should have ignored the prior domestic violence conviction, the trial court still considered certified records of three prior felony convictions and two prior misdemeanor convictions.  These five convictions qualify as numerous, so the trial court did not err in weighing defendant's numerous prior convictions as an aggravating circumstance.

D.      *Aggravating circumstances not properly established*

Unlike the two aggravating circumstances discussed above, the six additional aggravating factors considered by the trial court were not based on facts found in compliance with Senate Bill 567.  Specifically, the aggravating circumstances that defendant's crimes involved a "high degree of cruelty, viciousness, and callousness" (rule 4.421(a)(1)); that "defendant has engaged in violent conduct that indicates a serious danger to society" (rule 4.421(b)(1)); that "[t]he victim was particularly vulnerable" (rule 4.421(a)(3)); that defendant had served prior prison terms (rule 4.421(b)(3)); was on parole at the time he committed the crimes (rule 4.421(b)(4)); and had performed poorly on parole (rule 4.421(b)(5)) were not established based on underlying facts found true beyond a reasonable doubt or stipulated to by the defendant.  Accordingly, applying

8

Senate Bill 567 retroactively, it was error to consider those factors as supporting the imposition of an upper term sentence.

        E.     *Prejudice*

Because the error is purely one of state law, the harmless error test in *People v. Watson* (1956) 46 Cal.2d 818, 836 applies. (*People v. Epps* (2001) 25 Cal.4th 19, 29.)[3] The test is whether, " 'after an examination of the entire cause, including the evidence,' [the reviewing court] is of the 'opinion' that it is reasonably probable that a result more favorable to the appealing party would have been reached in the absence of the error." (*Watson, supra*, at p. 836; see also Cal. Const., art. VI, § 13; *People v. Price* (1991) 1 Cal.4th 324, 492 (*Price*) ["When a trial court has given both proper and improper reasons for a sentence choice, a reviewing court will set aside the sentence only if it is reasonably probable that the trial court would have chosen a lesser sentence had it known that some of its reasons were improper"].) A reasonable probability of a more favorable result exists where the improper factor was determinative for the sentencing court or where the reviewing court cannot determine whether the improper factor was

---

[3]     The People argue that the harmless error analysis in *People v. Sandoval* (2007) 41 Cal.4th 825 (*Sandoval*) applies so that "if a reviewing court concludes, beyond a reasonable doubt, that the jury, applying the beyond-a-reasonable-doubt standard, unquestionably would have found true at least a single aggravating circumstance had it been submitted to the jury, the Sixth Amendment error properly may be found harmless." (*Sandoval, supra*, at p. 839.) But *Sandoval* involved the deprivation of the right under the Sixth Amendment to the United States Constitution to have " 'any fact that exposes a defendant to a greater potential sentence . . . found by a jury, not a judge, and established beyond a reasonable doubt, not merely by a preponderance of the evidence.' " (*Sandoval*, at p. 835.) The reasoning in *Sandoval* does not apply here for two reasons. First, defendant contends that his sentence violates section 1170, subdivision (b), as amended by Senate Bill 567, not that his sentence violates the Sixth Amendment. Second, there is no Sixth Amendment violation in this case to which *Sandoval* could apply because at least two aggravating circumstances were found, in compliance with the requirements of the Sixth Amendment. (See also *Black, supra*, 41 Cal.4th at pp. 812-813.)

determinative.  (*People v. Avalos* (1984) 37 Cal.3d 216, 233 (*Avalos*); cf. *People v. Gutierrez* (2014) 58 Cal.4th 1354, 1391 [when sentencing court is unaware of the scope of its discretionary powers, "the appropriate remedy is to remand for resentencing unless the record 'clearly indicate[s]' that the trial court would have reached the same conclusion 'even if it had been aware that it had such discretion' "].)[4]

Applying these standards, we must ask two questions to determine whether the trial court's errors were harmless.  First:  would any of the facts underlying the six improperly found aggravating circumstances have been found true beyond a reasonable doubt if submitted to the jury?  (See *People v. Lopez* (May 10, 2022, D078841) ___ Cal.App.5th ___, ___, fn. 11 [2022 Cal.App. Lexis 398 at *8]; cf. *People v. Epps, supra*,

---

[4]    This is not a case in which the trial court was unaware of the full scope of discretion granted by the law (cf. *People v. Gutierrez, supra*, 58 Cal.4th at pp. 1387, 1390 [eliminating presumption in favor of life without parole for special circumstance murder committed by 16- or 17-year-old offender]), or where "defendant and his counsel have never enjoyed a full and fair opportunity to marshal and present the case supporting a favorable exercise of discretion." (*People v. Rodriguez* (1998) 17 Cal.4th 253, 258.) Rather, defendant had the same opportunity to submit mitigating evidence and dispute aggravating evidence prior to Senate Bill 567.  (Compare former § 1170, subd. (b), added by Stats. 2020, ch. 29, § 14, and amended by Stats. 2021, ch. 731, § 1.3, eff. Jan. 1, 2022, with § 1170, subd. (b)(4).)  Likewise, trial courts apply their discretion to the same set of aggravating circumstances to decide whether to impose an upper term sentence, but the facts underlying those circumstances now may only be found in one of the permissible ways.  (§ 1170, subd. (b)(2)-(3); compare former § 1170, subds. (a)(3) & (b), added by Stats. 2020, ch. 29, § 14, and amended by Stats. 2021, ch. 731, § 1.3, eff. Jan. 1, 2022 ["In sentencing the convicted person, the court shall apply the sentencing rules of the Judicial Council" and "select the term which, in the court's discretion, best serves the interests of justice"], with § 1170, subds. (a)(3) & (b)(2) ["In sentencing the convicted person, the court shall apply the sentencing rules of the Judicial Council" and "may impose a sentence exceeding the middle term only when there are circumstances in aggravation of the crime that justify the imposition of a term of imprisonment exceeding the middle term, and the facts underlying those circumstances have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial"]; see also rule 4.421 [unchanged after passage of Senate Bill 567].)

25 Cal.4th at pp. 29-30 [no reasonable probability of a result more favorable to defendant had the jury, instead of the court, determined that defendant suffered disputed prior convictions].)  Second:  excluding any factors we cannot conclude would have been found true in a permissible manner, is there a reasonable probability the trial court would have imposed a more lenient sentence?  (*Price, supra*, 1 Cal.4th at p. 492; *Avalos, supra*, 37 Cal.3d at p. 233.)

In response to the first question, we conclude that the jury would have found true beyond a reasonable doubt the facts underlying the three aggravating factors related to defendant's criminal history, but there is a reasonable probability the jury would have rejected the other three aggravating factors.  In making this determination, we are mindful that we "cannot necessarily assume that the record reflects all of the evidence that would have been presented had aggravating circumstances been submitted to the jury." (*Sandoval, supra*, 41 Cal.4th at p. 839.)  "[A]lthough defendant did have an incentive and opportunity at the sentencing hearing to contest any aggravating circumstances mentioned in the probation report or in the prosecutor's statement in aggravation, that incentive and opportunity were not necessarily the same as they would have been had the aggravating circumstances been tried to a jury" because the standard of proof was lower and because defense counsel may have adopted a different strategy with a jury factfinding than with a judge who is both factfinding and sentencing.  (*Ibid*.)  Finally, "to the extent a potential aggravating circumstance at issue in a particular case rests on a somewhat vague or subjective standard, it may be difficult for a reviewing court to conclude with confidence that, had the issue been submitted to the jury, the jury would have assessed the facts in the same manner as did the trial court."  (*Id*. at p. 840.)

Defendant's prior prison terms were established by certified records of prior convictions, and defendant's parole status and poor performance on parole were established by the probation report, based on official records.  (See Evid. Code, § 664 [official duty presumed regularly performed].)  Defendant did not challenge these facts,

11

despite having the opportunity to mitigate his sentence by doing so. Had the official records been wrong, there would have been no strategic reason for defendant not to point out the error. Nor are these aggravating circumstances based on vague standards. To the extent that "poor" performance on parole is subjective, defendant's conviction for the four present offenses while on parole, in addition to his repeated absconding, allows us to conclude with confidence that the jury would have found his performance to be poor beyond a reasonable doubt.

On the other hand, whether defendant's crimes involved a *high degree* of cruelty, viciousness, and callousness; whether defendant poses a *serious* danger to society; and whether the victim was *particularly* vulnerable are more complicated, subjective determinations. (See *Sandoval, supra*, 41 Cal.4th at p. 840 [determinations like whether victim was " '*particularly*' " vulnerable "require an imprecise quantitative or comparative evaluation of the facts"], original italics.) Defense counsel argued extensively against the application of each of these factors to defendant's actions. Defendant may have introduced additional evidence if given the opportunity to convince a jury that the circumstances did not justify the adjectives "high degree," "serious," and "particularly" beyond a reasonable doubt. Accordingly, we cannot say with confidence that the jury would have found the facts underlying these circumstances true beyond a reasonable doubt.

This analysis means five of the eight aggravating circumstances originally considered by the trial court survive retroactive application of Senate Bill 567. In *Price*, the trial court weighed seven aggravating circumstances in imposing an upper term sentence, but the defendant challenged four of those as improper. (*Price, supra*, 1 Cal.4th at p. 491.)[5] Our Supreme Court held that because the defendant conceded the

---

[5]    In early 1983, at the time of the crimes at issue in *Price*, section 1170, subdivision (b) required, similarly to Senate Bill 567, that an upper term sentence be based on

12

three unchallenged aggravating circumstances were valid and there were no circumstances in mitigation, it was not reasonably probable the trial court would have chosen a lesser sentence had it known that some or all of the challenged reasons for selecting the upper term were improper. (*Price*, at p. 492; see also *Avalos, supra*, 37 Cal.3d at pp. 232-233 [considering one improper aggravating circumstance was harmless where five aggravating circumstances remained to be weighed against only one mitigating circumstance].)

Here, as in *Price*, the trial court found no mitigating circumstances. Five aggravating circumstances remain, compared to only three in *Price*. And the trial court placed particular emphasis on defendant's poor performance on parole and prior convictions, which it properly considered even under the new law. (See *Avalos, supra*, 37 Cal.3d at p. 233 [sentencing court's remarks emphasizing two particular factors that were not improper makes clear that improper factors were not determinative].) Accordingly, we conclude there is not a reasonable probability that the trial court would have selected a lesser sentence had it known it could not consider three of the aggravating circumstances.

## II

### *Unauthorized Sentence for Simple Assault*

Although not raised by defendant on appeal, we have identified a sentencing error which requires correction. The trial court sentenced defendant to one year of imprisonment for the simple assault conviction, stayed pursuant to section 654. Simple

---

"circumstances in aggravation" of the crime and limited what facts could establish such aggravating circumstances. (See *Price, supra*, 1 Cal.4th at p. 376; compare Stats. 1981, ch. 1111, § 1(b), p. 4336, with § 1170, subd. (b)(2) & (5).) Likewise, the Rules of Court governing upper term sentences in 1983 placed limits similar to the current rules on what facts could establish aggravating circumstances, particularly which facts could not be used both for selecting an upper-term sentence and for other sentencing purposes. (Compare former rule 441, as amended July 28, 1977 [Bender's Std. Cal. Codes (1983 ed.) pp. 68-69], with rule 4.420.)

assault is punishable by a term of imprisonment not exceeding six months. (§§ 240, 241.) Misdemeanor convictions do not trigger the Three Strikes law (*People v. Superior Court* (*Alvarez*) (1997) 14 Cal.4th 968, 975), and no other basis appears in the record for doubling the maximum authorized sentence. Thus, the sentence on count two is unauthorized and may be corrected at any time. (*People v. Smith* (2001) 24 Cal.4th 849, 852.) Accordingly, we will reduce the sentence to the statutory maximum of six months.

## DISPOSITION

The judgment is modified to impose a sentence of six months for the lesser included offense of simple assault on count two, stayed pursuant to section 654. The clerk of the trial court is directed to prepare an amended minute order reflecting our modification to the sentence for simple assault. In all other respects, the judgment is affirmed.

                                     KRAUSE        , J.

I concur:

     BLEASE        , Acting P. J.

Renner, J., Concurring and Dissenting.

I concur in Part I.A and Part II of the majority's discussion. As to Part I.B through Part I.E, I dissent.

I agree with the majority's general conclusion that the trial court erred in sentencing defendant to an upper term on count three based on factors that were not found in compliance with Senate Bill No. 567 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 731) (Senate Bill 567). However, I disagree with the majority with respect to the scope of that error and, more importantly, its prejudice. The majority goes to unnecessary effort to support some of the trial court's statements. For instance, the trial court mentioned defendant's alleged use of a table leg with respect to count three and then stated defendant was armed or used a weapon or multiple weapons in the commission of the crimes. The use of a weapon is not an element of the crime of inflicting injuries resulting in traumatic conditions on a dating partner (Pen. Code, § 273.5, subd. (a)). I disagree with the majority's suggestion that the unanimity instruction, which explained count three alleged an assault on or about May 24, 2020, "resulting from the use of a wooden table," meant that the jury necessarily found the facts relied upon by the trial court with respect to arming or use of a weapon. Further, I disagree with the majority's conclusion that it is not reasonably probable that the trial court would have sentenced defendant more favorably under Senate Bill 567. " ' " ' "[A] 'probability' in this context does not mean more likely than not, but merely a *reasonable chance*, more than an *abstract possibility*." ' " ' " (*People v. Sandoval* (2015) 62 Cal.4th 394, 422.) Here, the trial court's selection of the upper term rested on multiple statements that were improper. We must reverse when, as is the case here, we "cannot determine whether the improper factor was determinative for the sentencing court." (*People v. Avalos* (1984) 37 Cal.3d 216, 233.)

Accordingly, I would reverse the sentence and remand to allow compliance with the current requirements of Penal Code section 1170.


      RENNER      , J.