Filed 9/13/23  P. v. Manuel CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B321653 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. SA089925) |
| v. | |
| LARRY BERT MANUEL, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, William L. Sadler, Judge.  Affirmed.

Andrea S. Bitar, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Herbert S. Tetef, and Kristen J. Inberg, Deputy Attorneys General, for Plaintiff and Respondent.

# INTRODUCTION

In 2016 Larry Bert Manuel pleaded no contest to one count of robbery and three counts of attempted robbery. After striking seven of eight prior convictions for serious or violent felonies, the court sentenced Manuel to an aggregate prison term of 19 years, which included the upper term of five years on the robbery conviction and a five-year enhancement for a prior serious felony conviction.

Effective January 1, 2022, the Legislature amended Penal Code section 1170, subdivision (b),[1] to require the trial court to impose a sentence that does not exceed the middle term unless the defendant stipulates to the facts supporting circumstances in aggravation or a jury (or a judge in a court trial) finds those facts true beyond a reasonable doubt. The amended statute, however, allows the court to consider the defendant's prior convictions based on a certified record of conviction without submitting those prior convictions to a jury.

In June 2022 following a request from the Department of Corrections and Rehabilitation that the court dismiss the five-year, serious-felony enhancement, the court resentenced Manuel. After striking the five-year enhancement, the court again imposed the upper term on Manuel's robbery conviction, relying on Manuel's admission in 2016 he had eight prior felony convictions.

Manuel argues that, because the People did not provide the trial court with certified copies of his prior felony convictions, the

---

[1]     Statutory references are to the Penal Code.

court violated section 1170, subdivision (b), by imposing the upper term based on those convictions. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

A. *Manuel Pleads No Contest, and the Trial Court Sentences Him*

In 2015 the People charged Manuel with one count of second degree robbery and three counts of attempted second degree robbery after Manuel robbed one bank and tried to rob three others. In September 2016 Manuel pleaded no contest to the four charges and admitted he had eight prior federal felony convictions that were serious or violent felonies within the meaning of the three strikes law (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)) and serious felonies within the meaning of section 667, subdivision (a)(1).

In October 2016 the trial court granted Manuel's motion under *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497 to strike seven of the eight prior convictions. The court sentenced Manuel to an aggregate prison term of 19 years, consisting of the upper term of five years for the robbery conviction, doubled under the three strikes law, 16 months for each attempted robbery conviction (one-third the middle term of two years, doubled under the three strikes law), plus five years for the prior serious felony conviction.

3

B.    *The Trial Court Resentences Manuel to the Upper Term*

In 2022 the Department of Corrections and Rehabilitation asked the trial court to resentence Manuel under former section 1170.03 (now section 1172.1) and strike the five-year serious felony enhancement under section 667, subdivision (a)(1). At resentencing, counsel for Manuel argued the court should sentence Manuel to the middle term on the robbery conviction because Manuel did not admit, and the People did not prove beyond a reasonable doubt to a jury, any aggravating circumstances, as required by amended section 1170, subdivision (b). Counsel for Manuel also argued the court could not impose the upper term under section 1170, subdivision (b)(3), because the People had not provided certified records of conviction, as required by the statute. The prosecutor argued the court could resentence Manuel to the upper term because Manuel admitted eight prior convictions of robbery, which were aggravating circumstances.

The court struck the five-year enhancement under section 667, subdivision (a)(1), stating it had "no problem striking the five-year prior," particularly because Manuel was "confined [to] a wheelchair." The court, however, again imposed the upper term of five years on Manuel's robbery conviction. The court stated: "I am making my own assessment that . . . the [upper] term is appropriate based [on] the defendant's prior convictions." The court also reimposed consecutive terms of 16 months on each of the three convictions for attempted robbery, so that Manuel's aggregate prison term was 14 years. Manuel timely appealed.

# DISCUSSION

A. *Section 1170, Subdivision (b)*

Effective January 1, 2022, Senate Bill No. 567 amended section 1170, subdivision (b), to state:  "(1) When a judgment of imprisonment is to be imposed and the statute specifies three possible terms, the court shall, in its sound discretion, order imposition of a sentence not to exceed the middle term, except as otherwise provided in paragraph (2).  [¶]  (2) The court may impose a sentence exceeding the middle term only when there are circumstances in aggravation of the crime that justify the imposition of a term of imprisonment exceeding the middle term, and the facts underlying those circumstances have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial."  Section 1170, subdivision (b)(3), "allows the court to consider the defendant's prior convictions as an aggravating factor based on a certified record of conviction" without submitting the prior convictions to a jury.  (*People v. Hilburn* (2023) 93 Cal.App.5th 189, 199; see *People v. Achane* (2023) 92 Cal.App.5th 1037, 1041; *People v. Flowers* (2022) 81 Cal.App.5th 680, 685, review granted Oct. 12, 2022, S276237.)

B. *The Trial Court's Sentence Complied with Section 1170, Subdivision (b)(2)*

Manuel argues that, because the People did not submit certified copies of his prior felony convictions, the trial court erred "when it departed upward from" the middle term and imposed the upper term on his robbery conviction based on the  prior felony convictions.  The People argue the trial court properly

5

"based the upper term on [Manuel's] 2016 admission that he had eight prior federal convictions for bank robbery."

As Manuel correctly points out, the trial court could not have imposed the upper term under section 1170, subdivision (b)(3), because the People did not provide certified records of conviction. The trial court, however, did not impose the upper term under section 1170, subdivision (b)(3); the trial court imposed the upper term under section 1170, subdivision (b)(2), because Manuel admitted he had eight prior convictions. As discussed, section 1170, subdivision (b)(2), authorizes the court to impose the upper term where the defendant has stipulated to the aggravating circumstances, such as numerous prior convictions. (See Cal. Rules of Court, rule 4.421(b)(2) [a court can consider as an aggravating circumstance that the "defendant's prior convictions as an adult or sustained petitions in juvenile delinquency proceedings are numerous or of increasing seriousness"].) Here, Manuel admitted he had eight prior felony convictions (and serious or violent felony convictions at that). And eight is a lot. (See *People v. Stuart* (2008) 159 Cal.App.4th 312, 314 [six prior convictions are "plainly 'numerous'" and "qualified as an aggravating circumstance under rule 4.421(b)(2)"]; *People v. Searle* (1989) 213 Cal.App.3d 1091, 1098 [three prior convictions are numerous].) Manuel's stipulation was more than sufficient to support the trial court's decision to impose the upper term. (See *People v. Dunn* (2022) 81 Cal.App.5th 394, 404 ["[s]tipulations by the defendant are permitted to prove aggravating circumstances" under section 1170, subdivision (b)(2)], review granted Oct. 12, 2022, S275655.)

Manuel argues "he should not be deemed to have admitted his prior convictions because seven of the eight prior convictions were struck pursuant to *Romero* in 2016." Although the trial court, for sentencing purposes, did exercise its discretion to strike seven of Manuel's eight prior serious or violent felony convictions, that did not affect his admission. The trial court, in imposing the upper term in 2022, properly considered Manuel's 2016 admission he had eight prior convictions, even though in 2016 the court granted his motion under *Romero* to strike seven of them for sentencing. "'[W]hen a court has struck a prior conviction allegation it has not "wipe[d] out" that conviction as though the defendant had never suffered it; rather, the conviction remains a part of the defendant's personal history' and available for other sentencing purposes." (*People v. Lara* (2012) 54 Cal.4th 896, 906; see *People v. Garcia* (1999) 20 Cal.4th 490, 499.)

Citing *People v. Todd* (2023) 88 Cal.App.5th 373, review granted Apr. 26, 2023, S279154, Manuel argues his admission he had eight prior convictions "does not constitute a knowing and intelligent waiver with respect to the changes in sentencing laws" under section 1170, subdivision (b). *Todd*, however, concerned whether the amendments to section 1170, subdivision (b), apply to a defendant who stipulates to a sentence that includes an upper term as part of a negotiated plea agreement. Manuel did not plead no contest pursuant to a negotiated agreement; he pleaded open to the court on all charges and admitted all allegations. In 2016, when the court originally sentenced Manuel, and in 2022, when the court resentenced him, the court exercised its discretion and imposed the upper term based on Manuel's admission he had eight prior felony convictions. There was no plea agreement.

7

## DISPOSITION

Manuel's sentence is affirmed.

SEGAL, Acting P. J.

We concur:

FEUER, J.

MARTINEZ, J.